NUMBERS 13-07-00719-CV
13-07-00720-CV



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHAEL SCOTT,                                                                    **Appellant,**

**v.**

JOE MIRELES,                                                                      **Appellee.**

### On appeal from the 36th District Court of Bee County, Texas.

# O P I N I O N

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Opinion by Justice Benavides

Appellant, Michael Scott, an inmate with Texas Department of Criminal Justice, sued appellee, Joe Mireles, an officer with Texas Department of Criminal Justice, for assault and battery. Scott argues that the trial court abused its discretion by dismissing the lawsuit for failure to furnish security under Texas Civil Practice and Remedies Code Section 11.051. TEX. CIV. PRAC. & REM. CODE ANN. § 11.051 (Vernon 2002). We affirm.

### I. BACKGROUND

Scott is an inmate in the Texas Department of Criminal Justice. He filed two

petitions alleging that, on different dates, Officer Joe Mireles kicked him on his right arm. First, Scott filed a pro se petition on July 27, 2005, stating that the incident occurred on May 6, 2005. Second, he filed the same petition on November 30, 2005, alleging the incident occurred on June 5, 2005.

Pursuant to Texas Civil Practice and Remedies Code Section 14.004, Scott filed a declaration of his inability to pay costs and an affidavit listing his numerous previously-filed lawsuits.[1] TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (a)(2) (Vernon 2002). He also filed a copy of his grievance and the dismissal of the grievance. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (Vernon 2002).

On April 5, 2006, the trial court entered an order directing the attorney general to review Scott's case file and to notify the court within sixty days, as an *amicus curiae,* whether Scott had satisfied the requirements of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003-.005 (Vernon 2002) (stating that the trial court has the power to dismiss the lawsuit for failure to comply); *see also Kelley v. Scott*, No. 14-01-00696-CV, 2003 WL 21229275, at *1 (Tex. App.–Houston [14th Dist.] May 29, 2003, no pet.) (mem. op.) (not designated for publication) (holding it was not an abuse of discretion to request *amicus curiae* brief from attorney general). On November 1, 2006, the attorney general, as an *amicus curiae,* filed an advisory with the court stating that although Scott properly showed he could not pay costs, his filing was inadequate because it failed to discuss five lawsuits Scott had filed in the Bee County District Court,

---

[1] The affidavit is essentially illegible.

2

the document was not properly sworn, and was illegible.[2]  TEX. CIV. PRAC. & REM. CODE § 14.004 (a)(1).   Mireles then filed a motion to dismiss and motion for a court order determining Scott to be a vexatious litigant and requiring him to furnish security.  TEX. CIV. PRAC. & REM. CODE ANN. § 14.003; *Id.* § 11.051.

On July 24, 2007, the court took judicial notice of a January 8, 2007 order entered in Cause No. B-05-1223-CV-C of the 343rd Judicial District Court of Bee County in which the court (1) found Scott to be a vexatious litigant, (2) required him to furnish security for court costs, and (3) enjoined him from filing any new litigation in *propria persona* in the State of Texas without the prior permission of the local administrative judge.  TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.051-11.057, 11.101 (Vernon 2002).  Based upon that judicial notice, the court ordered Scott to present to the court permission from the administrative judge allowing him to proceed without providing security for court costs on August 27, 2007.  The court notified Scott that if none was provided, the court would dismiss without further hearing.  The court dismissed the case on August 27, 2007, finding that no documentation was presented.

## II.  APPLICABLE LAW

Under section 11.051, a "defendant may, on or before the 90th day after the date the defendant files an original answer or makes a special appearance, move the court for an order:  (1) determining that the plaintiff is a vexatious litigant; and (2) requiring the plaintiff to furnish security."  TEX. CIV. PRAC. & REM. CODE § 11.051.  The court may determine that the plaintiff is a vexatious litigant if the defendant demonstrates "that there

---

[2]  The attorney general's review of the records show at least forty-eight lawsuits filed by Scott.

3

is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant" and that "the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transaction, or occurrence." TEX. CIV. PRAC. & REM. CODE § 11.054(3) (Vernon 2002). "The court shall dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order." TEX. CIV. PRAC. & REM. CODE § 11.056 (Vernon 2002).

## III. DISCUSSION

Scott argues that the trial court must find him to be vexatious litigant before it orders him to furnish a security deposit. Section 11.054(3) expressly authorizes the trial court to find a plaintiff is a vexatious litigant based on a prior determination from another court where the plaintiff has already been declared a vexatious litigant. TEX. CIV. PRAC. & REM. CODE § 11.054(3); *Brown v. Tex. Bd. of Med. Exam'rs,* 194 S.W.3d 721, 722-23 (Tex. App.– Dallas, 2006, no pet.) (finding Brown was a vexatious litigant because "the record shows Brown has not complied in any way with the prefiling order: she has not paid any part of the security required, and she did not have permission to file further litigation when she filed her bill of review."). The court was within its discretion to take judicial notice of a prior finding that Scott was a vexatious litigant and to require him to furnish the court with security and permission from the local administrative judge. Accordingly, we overrule Scott's issue.

4

## IV.  Conclusion

Having overruled Scott's appellate issue, we affirm the trial court's dismissal.

GINA M. BENAVIDES,
Justice

Opinion delivered and filed this
the 30th day of July, 2009.

5