Affirmed and Memorandum Opinion filed April 26, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00055-CV

___________________

 

RALPH O. DOUGLAS,
Appellant

 

V.

 

LINDA PORTER and
MARCELYN CURRY, Appellees



 



 

On
Appeal from the 129th District Court

Harris County,
Texas



Trial Court Cause No. 2001-55507

 



 

 

MEMORANDUM  OPINION

            Appellant Ralph O. Douglas, an inmate confined in the
Institutional Division of the Texas Department of Criminal Justice who is
appearing pro se and in forma pauperis, appeals the dismissal of
his suit.  Because we conclude that the trial court did not abuse its
discretion in dismissing Douglas’s suit pursuant to Chapter 14 of the Texas
Civil Practice and Remedies Code, we affirm.  See Tex. Civ. Prac. &
Rem. Code §§ 14.001—.014.

BACKGROUND AND PROCEDURAL POSTURE

On March 22, 1999, Linda Porter sued Douglas for
clouding title to property that Porter owned by allegedly forging a warranty
deed and filing it in the real property records.  Douglas had attempted to
evict Porter from the home, placed a mortgage lien on the property, and later
conveyed the property to a third party.  On July 2, 2001, the trial court
entered judgment for Porter, cancelling the forged warranty deed and awarding
Porter $50,000 in damages, plus $5,000 in attorney’s fees and post-judgment
interest.  The judgment was affirmed on appeal.  See Douglas v. Porter,
No. 01-01-00747-CV (Tex. App.—Houston [1st Dist.] Nov. 27, 2002, pet. denied)
(not designated for publication).  

In 2000, a jury convicted Douglas of theft of
property in the aggregate amount of between $1000 and $200,000 from Porter and
other victims.  Due to enhancement of the punishment for prior theft
convictions, Douglas was sentenced to life in prison and assessed a $10,000
fine.  This court affirmed the judgment of conviction.  See Douglas v. State,
No. 14-00-01226-CR, 2002 WL 1988163 (Tex. App.—Houston [14th Dist.] Aug. 29,
2002, pet. ref’d) (not designated for publication).  

Douglas has a long history of cases in this court and
the First Court of Appeals.[1] 
On May 23, 2008, in cause number 2006-39052, the 127th District Court declared
Douglas a vexatious litigant under Chapter 11 of the Texas Civil Practice and
Remedies Code.  See Tex. Civ. Prac. & Rem. Code § 11.101—11.056
(defining vexatious litigants as persons who abuse the legal system by filing
numerous, frivolous lawsuits).[2] 
The order noted that Douglas had sued the victims of his fraudulent schemes,
along with the title companies and lending institutions, numerous times, and
these suits were repeatedly determined to have no basis in law.  The First
Court of Appeals affirmed that order, and discretionary review is pending.  See
In re Douglas, ___ S.W.3d ___, No. 01-08-00542-CV, 2010 WL 3448031 (Tex.
App.—Houston [1st Dist.] Aug. 31, 2010, pet. filed).  

The suit that is the subject of this appeal was filed
October 25, 2001, before the vexatious litigant finding had been made.  Douglas
named both Porter and her attorney, Marcelyn Curry, as defendants.  In 2002,
and again in 2006, the trial court ordered Douglas to demonstrate his right to
proceed in forma pauperis.  Douglas failed to comply with these orders. 
On July 20, 2006, the trial court signed an order requiring Douglas to file an
affidavit in a good faith effort to comply with Chapter 14 of the Texas Civil
Practice and Remedies Code or file an oath stating his intention to pay the
costs incurred in the suit.  The order stated that unless Douglas complied with
the order by September 1, 2006, the suit would be dismissed for want of
prosecution.  Our record contains no response to the order.  Curry filed a
motion to dismiss on December 2, 2009.  The trial court signed an order
dismissing the suit on December 15, 2009. The order refers to Curry’s motion to
dismiss, but it purports to be final by including the following language:

The Court further ORDERS that this case and all related
claims be and hereby are dismissed with prejudice. All relief not expressly
granted herein is hereby DENIED. This order disposes of all claims and all
parties.

Because the 2009 order
finally disposes of all issues and parties, it is final for purposes of
appeal.  See Lehmann v. Har-Con, 39 S.W.3d 191, 200 (Tex. 2001) (if intent
to finally dispose of the case is unequivocally expressed in the words of the
order, then the order is final and appealable).  

The trial court’s order also incorporated for all
purposes the May 23, 2008 order determining Douglas to be a vexatious litigant,
and attached a copy of that order.  The May 23, 2008 order also made findings
under Chapter 14 of the Texas Civil Practice and Remedies Code.  See In re
Douglas, ___ S.W.3d ___, No. 01-08-00542-CV, 2010 WL 3448031.  The court in
In re Douglas determined that Douglas’s suit was governed by Chapter 14,
found that the suit was frivolous and malicious, and ordered it dismissed.  Id. 
Based on the trial court’s incorporation of this language in the order in
this case, we conclude that this suit was also dismissed pursuant to Chapter
14.   

ANALYSIS

            Chapter 14 of the Texas Civil Practice and
Remedies Code governs inmate litigation.  See Tex. Civ. Prac. & Rem.
Code §§ 14.001—.014.  We review a trial court’s Chapter
14 dismissal of an inmate’s claims under an abuse of discretion standard.  Retzlaff
v. Tex. Dep’t of Crim. Justice, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th
Dist.] 2002, pet. denied).  A trial court has broad discretion to dismiss an
inmate’s suit if it finds that the claim asserted is frivolous or malicious.  Martinez
v. Thaler, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ
denied).  A trial court abuses this broad discretion if it acts arbitrarily,
capriciously, or without reference to any guiding rules or principles.  Id. 

            In determining whether a suit is frivolous or
malicious, the court may consider, among other things, whether the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.  See Tex. Civ. Prac. &
Rem. Code § 14.003(b)(4).  To enable the trial court to determine whether a claim
arises from the same operative facts as a previous claim, the legislature
enacted section 14.004.  See Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.-Houston
[14th Dist.] 2000, no pet); see also Tex. Civ. Prac. & Rem. Code. §
14.004.

            Section 14.004, entitled “Affidavit Relating to
Previous Filings,” requires an inmate who files an affidavit or unsworn
declaration of inability to pay costs to file a separate affidavit or
declaration setting out the following information:

(1) identifying each suit, other than a suit under the
Family Code, previously brought by the person and in which the person was not
represented by an attorney, without regard to whether the person was an inmate
at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was
sought;

(B) listing the case name, cause number, and the court in
which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the
suit was dismissed as frivolous or malicious under Section 13.001 or Section
14.003 or otherwise.

Tex.
Civ. Prac. & Rem. Code § 14.004(a).  According to our record, Douglas filed
an affidavit of indigence pursuant to Texas Rule of Civil Procedure 145 when he
filed suit.  The record does not contain an affidavit or unsworn declaration in
compliance with section 14.004, however.  When, as in this case, an inmate
fails to comply with the requirements of section 14.004, the trial court is
entitled to presume that the suit is substantially similar to one previously
filed by the inmate, and therefore, frivolous.  See Bell v. Tex. Dep't of Crim.
Justice-Inst. Div., 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.]
1998, pet. denied).  Accordingly, a trial court may dismiss an indigent inmate’s
suit as frivolous or malicious without holding a hearing when an inmate fails
to comply with the statutory requirements of section 14.004.  See Gowan v.
Tex. Dep't of Crim. Justice, 99 S.W.3d 319, 321 (Tex. App.—Texarkana 2003,
no pet.).

Douglas has not
challenged dismissal of his suit as frivolous under Chapter 14.[3]  An appellant must
attack all independent bases or grounds that support the trial court’s
judgment.  See Britton v. Texas Dep't of Crim. Justice, 95 S.W.3d 676,
681 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  If an independent ground
fully supports the judgment, but the appellant assigns no error to that independent
ground, we must affirm the judgment on that basis.  Id; see also Cooper v.
Texas Dep't of Crim. Justice, No. 14–07–00741–CV, 2009 WL 1312944 * 1 (Tex.
App.—Houston [14th Dist.] May 12, 2009, no pet.) (mem. op.) (affirming
dismissal when grounds on which suit was dismissed were not briefed).  

We conclude that the
trial court’s dismissal is fully supported by the law governing inmate
litigation under Chapter 14.  We therefore overrule Douglas’s issues and affirm
the trial court’s judgment.

 

                                                                        PER
CURIAM

 

 

Panel consists of Justices
Anderson, Brown, and Christopher.

 









[1]  Cases that Douglas has
appealed to the Houston Courts of Appeals, excluding numerous petitions for
writs of mandamus, include the following:  Douglas v. Owens, No.
14-10-00177-CV, 2010 WL 1487444 (Tex. App.—Houston [14th Dist.] Apr. 15, 2010,
no pet.)(mem. op.); Douglas v. Ingersoll, No. 14-09-00930-CV, 2010 WL
1077420 (Tex. App.—Houston [14th Dist.] Mar. 25, 2010, no pet.)(mem. op.); Douglas
v. Amer. Title Co., No. 14-08-00676-CV, 2009 WL 3851674 (Tex. App.—Houston
[14th Dist.] Nov. 19, 2009, no pet.) (mem. op.); Douglas v. Amer. Title Co.,
No. 01-07-00358-CV, 2009 WL 3930994 (Tex. App.—Houston [1st Dist.] Nov. 19,
2009, no pet.) (mem. op.); Douglas v. Douglas, No. 14-08-00277-CV, 2009
WL 783332 (Tex. App.—Houston [14th Dist.] Mar. 26, 2009, pet. denied)(mem.
op.); Douglas v. Adamo, No. 14-07-00406-CV, 2009 WL 783346 (Tex.
App.—Houston [14th Dist.] Mar. 26, 2009, pet. denied)(mem. op.); Douglas v.
Jones, No. 01-08-00542-CV, 2009 WL 522723 (Tex. App.—Houston [1st Dist.]
Feb. 20, 2009, no pet.)(mem. op.); Douglas v. Booker, No.
01-06-01069-CV, 2008 WL 5263240 (Tex. App.—Houston [1st Dist.] Dec. 18, 2008,
no pet.)(mem. op.); Douglas v. Ingersoll, No. 14-07-00041-CV, 2007 WL
763803 (Tex. App.—Houston [14th Dist.] Mar. 15, 2007, pet. denied)(mem. op.); Douglas
v. Douglas, No. 01-06-00925-CV, 2008 WL 5102270 (Tex. App.—Houston [1st
Dist.] Dec. 4, 2008, pet. denied)(mem. op.); Douglas v. Amer. Title Co.,
196 S.W.3d 876 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Douglas v.
Washington Mut. Bank, No. 14-05-00282-CV, 2006 WL 2862115 (Tex.
App.—Houston [14th Dist.] Oct. 10, 2006, pet. denied)(mem. op.); Douglas v.
Ingersoll, No. 14-05-00666-CV 2006 WL 2345968 (Tex. App.—Houston [14th
Dist.] Aug. 14, 2006, no pet.)(mem. op.); Douglas v. Unity Nat. Bank, No.
14-05-00112-CV, 2005 WL 728246 (Tex. App.—Houston [14th Dist.] Mar. 31, 2005,
pet. dism’d)(mem. op.); Douglas v. Amer. Title Co., No. 14-04-00265-CV,
2005 WL 568290 (Tex. App.—Houston [14th Dist.] Mar. 10, 2005, no pet.)(mem.
op.); Douglas v. Alamo Title Co., No. 14-04-01107-CV, 2005 WL 171477
(Tex. App.—Houston [14th Dist.] Jan. 27, 2005, pet. denied)(mem. op.); Douglas
v. Jones, No. 14-04-01102-CV, 2005 WL 66899 (Tex. App.—Houston [14th Dist.]
Jan. 13, 2005, pet. denied)(mem. op.); Douglas v. Alamo Title Co., No. 14-04-00919-CV,
2004 WL 3202879 (Tex. App.—Houston [14th Dist.] Nov. 24, 2004, no pet.)(mem.
op.); Douglas v. Amer. Title Co., No. 01-04-00669-CV, 2004 WL 211558
(Tex. App.—Houston [1st Dist.] Sept. 23, 2004, no pet.);(mem. op.) Douglas
v. Quaker Home Fin. Servs., No. 14-04-00362-CV, 2004 WL 1688281 (Tex.
App.—Houston [14th Dist.] Jul. 29, 2004, no pet.)(mem. op.); Douglas v. King,
No. 14-04-00103-CV, 2004 WL 908934 (Tex. App.—Houston [14th Dist.], Apr. 29,
2004, pet. denied)(mem. op.); Douglas v. Willis, No. 01-03-01148-CV,
2004 WL 305974 (Tex. App.—Houston [1st Dist.] Feg. 17, 2004, no pet.)(mem.
op.); Douglas v. Booker, No. 14-03-01336-CV, 2004 WL 100409 (Tex.
App.—Houston [14th Dist.] Jan 22, 2004, pet, denied)(mem. op.); Douglas v.
Adamo, No. 14-03-01192-CV, 2003 WL 22996954 (Tex. App.—Houston [14th Dist.]
Dec. 23, 2003, no pet.)(mem.op.); Douglas v. Porter, No. 14-03-00132-CV,
2003 WL 21193041 (Tex. App.—Houston [14th Dist.] May 22, 2003, no pet.)(mem.
op.); Douglas v. Adamo, No. 14-02-01156-CV, 2003 WL 1088163 (Tex.
App.—Houston [14th Dist.] Mar. 13, 2003, no pet.)(not designated for
publication); Douglas v. Porter, No. 01-01-00747-CV, 2002 WL 31682357
(Tex. App.—Houston [1st Dist.] Nov. 27, 2002, pet. denied)(not designated for
publication).





[2]  A court may properly
take judicial notice of a prior finding that the plaintiff is a vexatious
litigant.  Scott v. Mireles, 294 S.W.3d 306, 308 (Tex. App.—Corpus
Christi 2009, no pet.).  We also note that Douglas had been found to be a
vexatious litigant in 2004, but that finding was later reversed.  See
Douglas v. Amer. Title Co., 196 S.W.3d 876, 882-83 (Tex. App.—Houston [1st
Dist.] 2006, no pet). 





[3]  In his brief, Douglas
asserts that the trial court abused its discretion in failing to rule on his
motions for summary judgment and for continuance, failing to rule on his
objections, and in taking judicial notice of another cause of action.  He also
asserted that dismissal was improper on the grounds of res judicata,
failure to file a mandatory counterclaim, malicious prosecution, and
conspiracy.