**Affirmed and Memorandum Opinion filed November 27, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00259-CV

---

**RALPH O. DOUGLAS, Appellant**

**V.**

**LORI K. REDMOND, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 10-DCV-185659**

---

## M E M O R A N D U M   O P I N I O N

An inmate filed suit against his attorney, alleging various claims of professional negligence. The trial court declared the inmate a vexatious litigant and disposed of his claims on summary judgment. In multiple issues, we consider whether the trial court correctly granted summary judgment in favor of the attorney, and whether the inmate was properly declared a vexatious litigant. Finding no error, we affirm.

## BACKGROUND

Ralph O. Douglas is a twice-convicted felon currently serving a sentence of life imprisonment. In 2007, attorney Lori K. Redmond was retained by members of Douglas's family to represent Douglas in a hearing before the Texas Board of Pardons and Parole. Redmond sought to memorialize the scope of her services in a formal contract, but the written agreement she provided to the family was never signed or returned to her. The agreement was simply worded, stating only that Redmond would prepare Douglas's case for parole in consideration for a predetermined fee. Douglas's family did not pay the fee in full as required, but Redmond appeared at the hearing nonetheless. The Board, in its discretion, refused to grant Douglas his parole.

Subsequent parole hearings were scheduled in 2008 and 2009. On each occasion, Redmond appeared on Douglas's behalf, per his request and without any further payments from his family. The Board continued to deny his release, however. In 2010, Douglas contacted Redmond, requesting his entire file for another hearing. Douglas did not indicate that he intended for Redmond to appear at the new hearing, nor did he respond to further correspondence from Redmond. When Redmond contacted the Board to ask about the status of Douglas's parole hearing, she was informed that Douglas had designated an elected state representative to speak for him instead. Redmond, accordingly, did not appear. Despite Douglas's new advocate, parole was still denied.

Douglas filed a pro se suit against Redmond in July 2010, not long after his last hearing before the Board. In his live pleading, Douglas alleged that Redmond was liable for "negligence, gross negligence and violation of rights and privileges secured by the Texas Constitution." Douglas primarily complained that Redmond had been ineffective in her representation before the Board, and that she had deprived him of his rights by wrongly asserting that he was ineligible for discretionary release. Redmond generally denied the allegations.

In December 2010, Douglas moved for summary judgment on traditional grounds. He argued that Redmond had a duty to represent him until he was granted parole and that

she breached this duty by failing to appear at his 2010 hearing. In her response, Redmond attached an affidavit attesting that she was retained to represent Douglas only in 2007. Redmond asserted that she appeared at Douglas's hearings in 2008 and 2009 because Douglas specifically requested her representation. Upon learning of another hearing in 2010, Redmond attested that she wrote to Douglas "to clarify if he wanted my continued assistance." Redmond argued that she could not be liable because Douglas did not respond to her letter, nor did he request her presence at the 2010 hearing. She also argued that she had never agreed or promised to remain on the case until parole was granted.

When his motion for summary judgment was denied, Douglas moved to declare that Redmond had committed a fraud upon the court. He argued that he was never served with a letter inquiring about Redmond's "continued assistance." Douglas suggested that the letter never existed, and that "defendant's actions were to 'deceive' the court to defend herself for her failure to 'appear' for plaintiff's parole hearing." Redmond filed a response, arguing that Douglas's motion was groundless, brought in bad faith, and made solely for the purpose of harassment. Redmond contended that there was no evidence to support the contention that she had committed a fraud, and she sought to have Douglas sanctioned under Rule 13 and Rule 215 of the Texas Rules of Civil Procedure.

Douglas filed a counter-motion for sanctions, complaining of alleged discovery abuses. Redmond argued that the motion was frivolous, and that Douglas, as a "pro se habitual litigant," was intimately familiar with the discovery rules. After reviewing the various pleadings, the trial court construed Redmond's motion for sanctions as a motion to declare Douglas a vexatious litigant under Chapter 11 of the Texas Civil Practice and Remedies Code. The trial court entered a stay of the proceedings and ordered the parties to brief whether Douglas should be declared a vexatious litigant. Redmond filed a response in support of the declaration, including a no-evidence motion for summary judgment. In her motion, Redmond argued that Douglas's claims should be dismissed because he could proffer no evidence of a duty that was owed to him in 2010. Redmond also argued that any damages that Douglas may have suffered were caused by his

conviction, not by her alleged negligence. Douglas filed a brief response arguing that a fact issue precluded summary judgment. He insisted that Redmond did have a duty to represent him in 2010, citing a line from Redmond's own website which advertised the following: "As an Attorney, Lori does not and cannot make any guarantee of parole. On the other hand, if denied parole, she does guarantee that she will continue to represent her clients for no additional charge, provided that her services are valued and appreciated." Douglas also continued to press that Redmond had committed perjury.

The trial court ultimately signed two separate orders, one declaring Douglas a vexatious litigant, and the other granting Redmond's motion for summary judgment. This appeal followed.

## ISSUES PRESENTED

Douglas raises eight issues on appeal. Properly consolidated, the issues ask us to review the trial court's summary judgment, the declaration that Douglas is a vexatious litigant, and the judge's failure to alert the district attorney's office of Redmond's alleged perjury. We do not address the perjury issue; even if Redmond had committed a crime, penal code violations do not give rise to private causes of action. *See Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998); *LeBlanc v. Lange*, 365 S.W.3d 70, 87 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

## SUMMARY JUDGMENT

In a no-evidence motion for summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). When a defendant moves for judgment on this basis, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). We review the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to that party if a reasonable juror could, and

4

disregarding contrary evidence unless a reasonable juror could not. *City of Keller*, 168 S.W.3d at 827. We will sustain a no-evidence summary judgment when (a) there is a complete absence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810. The evidence is insufficient if it is so weak as to do no more than create a mere surmise or suspicion that the challenged fact exists. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009).

We first address what claims were asserted in Douglas's petition, as the parties have expressed some disagreement over what has actually been pleaded. Redmond argued in her motion that, despite the multiple causes of action asserted, Douglas had essentially pleaded a single claim for professional negligence, or "legal malpractice" as it is sometimes denominated. Douglas argued to the trial court that he did not plead a "legal malpractice cause." He insists that even if we were to construe his pleadings as Redmond had, his claim for professional negligence should be read separately from his "violation of rights cause." However, Douglas does not articulate what claims are actionable under this "violation of rights cause." In his brief, he summarily asserts that he was deprived of his rights and privileges, and that Redmond should be held liable because she was "negligent in her duty owed to appellant" and "gross[ly] negligent in her duty owed to appellant." Douglas never identifies what duties were owed to him, and when discussing his "violation of rights," he complains merely that Redmond failed to attend his 2010 hearing and that he was entitled to effective assistance of counsel. Construed liberally, we read this complaint as a relabeled claim for professional negligence. We therefore proceed with the understanding that this was Douglas's sole cause of action.

To recover on a claim for professional negligence, a plaintiff must prove that (1) the attorney owed him a duty of care, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred. *Alexander*

*v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 117 (Tex. 2004). Redmond contends that she is entitled to judgment as a matter of law because Douglas proffered no evidence of duty or causation.

In affidavits attached to her motion, Redmond explained that she was retained to represent Douglas only in his 2007 hearing, a duty she fulfilled despite her partial compensation. Redmond attested that she also appeared at Douglas's subsequent hearings in 2008 and 2009 because Douglas expressly requested her attendance. When discussing the 2010 hearing—the focus of Douglas's petition—Redmond attested the following:

> After Douglas was denied parole in July 2009, he contacted me in February 2010 and requested his entire file. . . . Additionally, I wrote him on March 8th, 2010 and June 4th, 2010 to clarify if he wanted my continued assistance. He failed to respond. Prior to the time of his 2010 hearing, I contacted the Parole Board, and was informed that Mr. Douglas had designated State Representative Terri Hodge to speak for him at the hearing.

> At no time did Douglas request my representation at his 2010 parole hearing as he had previously done in 2007, 2008, and 2009. My duty to represent Mr. Douglas at any parole hearing extended only to those hearing dates in which I agreed to appear on his behalf. I never agreed or promised to Mr. Douglas that I would remain on his case until he made parole, which could be many years in the future, if ever. Mr. Douglas is serving a life sentence and his release from prison on parole is strictly discretionary with the Board of Pardons and Parole. I inform my clients, including Mr. Douglas, that I may continue to appear at future parole hearings, if requested to do so, and this is always on a case by case basis after the initial parole board hearing.

Douglas attempts to prove that Redmond had an ongoing duty to represent him by citing her website guarantee that she would "continue to represent her clients for no additional charge, provided that her services are valued and appreciated." This fails to create a fact issue, however, because Douglas proffered no evidence showing that he still desired to have Redmond represent him. Indeed, the summary judgment evidence conclusively established that Douglas elected to have a different advocate speak on his behalf. Douglas has not cited to any summary judgment evidence that contradicts

6

Redmond's affidavit testimony. Without evidence of an applicable duty, the trial court properly granted summary judgment in Redmond's favor.

Assuming that Douglas had produced evidence of a duty, the trial court's summary judgment was still proper because, as a matter of law, a breach of that duty could not have been the cause of Douglas's damages. In *Peeler v. Hughes & Luce*, the supreme court determined that a plaintiff who has not been exonerated of his crime cannot recover from his defense attorney for certain claims of professional negligence. 909 S.W.2d 494, 498 (Tex. 1995). The court reasoned that "it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing from the conviction." *Id.* Relying on considerations of public policy, the court noted that to permit civil recovery absent exoneration would "impermissibly shift[ ] responsibility for the crime away from the convict." *Id.*

Although *Peeler* was originally decided in a suit against a claimant's trial attorney, it has since been applied in actions against attorneys retained on direct appeal and for other post-conviction relief. *See Meullion v. Gladden*, No. 14-10-01143-CV, 2011 WL 5926676, at *3 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.) (involving attorney retained for application of writ of habeas corpus); *Martin v. Sicola*, No. 03-09-00453-CV, 2010 WL 4909987, at *3 (Tex. App.—Austin Dec. 1, 2010, no pet.) (mem. op.) (involving attorney appointed on direct appeal); *Nabors v. McColl*, No. 05-08-01491-CV, 2010 WL 255968, at *2 (Tex. App.—Dallas Jan. 25, 2010, pet. denied) (mem. op.) (involving trial attorney whose actions impeded client's participation in post-conviction drug treatment program); *Garner v. Redmond*, No. 13-02-00658-CV, 2004 WL 1746352, at *3 (Tex. App.—Corpus Christi Aug. 5, 2004, pet. denied) (mem. op) (involving attorney retained for parole setting).

Douglas has not denied his guilt in the underlying conviction, nor has he produced any evidence that he was exonerated of his crime. Because any damages he may have suffered were by reason of his own illegal conduct, he was barred from maintaining a professional negligence claim related to his conviction. *See Peeler*, 909 S.W.2d at 497–

98; *Garner*, 2004 WL 1746352, at \*3. Therefore, the trial court did not err by granting Redmond's motion for summary judgment.

## VEXATIOUS LITIGANT

In his next issue, Douglas challenges the trial court's declaration that he is a vexatious litigant. His brief advances three arguments: (1) that the trial court abused its discretion by construing Redmond's motion for sanctions as a motion to declare him a vexatious litigant, where Redmond had not prayed for such relief; (2) that any motion to declare him a vexatious litigant was untimely because it was not brought within ninety days from the date of the original answer, as required under Section 11.051; and (3) that the evidence is insufficient to support a finding that he is a vexatious litigant.

Suits brought by vexatious litigants are governed by Chapter 11 of the Civil Practice and Remedies Code. The leading case construing Chapter 11's provisions is one with which Douglas should be intimately familiar, because it is one of his own. In that case, Douglas filed a pro se suit from prison against the victims of his own crime. *In re Douglas*, 333 S.W.3d 273, 278–79 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). The trial court dismissed the suit with prejudice because the contested issues had already been considered by another court. *Id.* at 279. Douglas petitioned for a bill of review, contending that he still had a meritorious claim. *Id.* He then moved for summary judgment on that claim, even though the defendants named in his petition had not been served with citation, nor had they even entered an appearance. *Id.* After various filings, the trial court sent notice that it would consider dismissing Douglas's case and declaring him a vexatious litigant *sua sponte*. *Id.* The trial court subsequently found that Douglas's action was malicious, frivolous, and without basis in law, and it entered an order prohibiting him as a vexatious litigant from filing any new suits in Harris County without the leave of a local administrative judge. *Id.* at 279–80.

On appeal, Douglas argued that the trial court had abused its discretion because the notice to declare him a vexatious litigant was untimely under Section 11.051. *Id.* at 282. Under that provision, a defendant is afforded ninety days from the date of his

original answer to move the court for an order declaring the plaintiff a vexatious litigant. Tex. Civ. Prac. & Rem. Code § 11.051. The First Court of Appeals rejected Douglas's argument, noting that under Section 11.101, the trial court has the authority "on its own motion" to enter an order prohibiting a person from filing new litigation if the court finds that the person is a vexatious litigant. *Douglas*, 333 S.W.3d at 285, 287. Thus, even though the defendants had never filed an answer, the court upheld the trial court's power to act *sua sponte*. *Id.* The court also observed that its reading of the various provisions was consistent with the inherent right of trial courts to control their own dockets. *Id.* at 285.

In this case, Douglas contends that the trial court abused its discretion because Redmond had not moved to declare him a vexatious litigant, and even if she had, her motion was untimely. This argument is plainly foreclosed by Douglas's previous appeal. If the trial court may act *sua sponte* in determining that he is a vexatious litigant, Douglas cannot defeat that finding by demonstrating that Redmond failed to move for the same relief. *See id.* Therefore, the trial court's decision would not constitute an abuse of discretion, provided that Douglas was still afforded proper notice and hearing of the trial court's intent. *Id.* The trial court in this case notified both parties of its intent to declare Douglas a vexatious litigant. Both Douglas and Redmond submitted written evidence on the subject, and the evidence was considered by submission. Although Redmond did not initiate the order against Douglas, the trial court acted within its authority by declaring him a vexatious litigant.

We next consider whether the evidence was sufficient to support the trial court's declaration. Two requirements must be satisfied before a trial court may declare a plaintiff a vexatious litigant. First, the court must determine that there is not a reasonable probability that the plaintiff will prevail in the litigation. Tex. Civ. Prac. & Rem. Code § 11.054. Second, one of three enumerated findings must be proved:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has

9

commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been:

      (A) finally determined adversely to the plaintiff;

      (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

      (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

      (2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either:

      (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

      (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

      (3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

*Id.*

The trial court's order in this case does not recite any findings. It merely states that the pleadings were reviewed and the trial court was of the opinion that Douglas should be declared a vexatious litigant. When the trial court does not specify the basis for its decision, we must affirm the order if it is correct on any legal theory supported by the record. *See Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ).

For reasons already discussed, the trial court could have determined that Douglas did not have a reasonable probability of prevailing on his claim for professional negligence; he proffered no evidence of a duty, and supreme court authority barred any recovery in the absence of exoneration. The trial court also could have found that Douglas had a lengthy history of commencing baseless litigation and prosecuting it to an adverse judgment. Our record contains three prior orders declaring Douglas a vexatious

litigant, each from a different trial court in Harris County and Fort Bend County. In one of the orders, the trial court expressly found that Douglas should be declared a vexatious litigant for all three reasons described in Section 11.054. That order also included a list of cases decided adversely against Douglas. The trial court was free to take judicial notice of these cases as well as other cases that have issued since the earlier order was entered.[1] *See Scott v. Mireles*, 294 S.W.3d 306, 308 (Tex. App.—Corpus Christi 2009, no pet.).

---

[1] Douglas has litigated a remarkable number of cases pro se, frequently against the same victims and institutions that were implicated in his schemes. In our search for unsuccessful appeals and petitions for writs of mandamus, we uncovered the following saga: *Douglas v. Tex. Bd. of Pardons & Paroles*, No. 14-11-00527-CV, 2012 WL 1154367 (Tex. App.—Houston [14th Dist.] Apr. 5, 2012, no pet.) (mem. op.); *In re Douglas*, No. 01-10-00482-CV, 2012 WL 682308 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, no pet.) (mem. op.); *Douglas v. Kyle*, No. 01-10-00229-CV, 2012 WL 170220 (Tex. App.—Houston [1st Dist.] Jan. 19, 2012, no pet.) (per curiam) (mem. op.); *Douglas v. Am. Title Co.*, No. 01-07-00358-CV, 2011 WL 4925972 (Tex. App.—Houston [1st Dist.] Oct. 13, 2011, pet. denied) (mem. op.); *Douglas v. Ingersoll*, No. 14-09-00752-CV, 2011 WL 3717003 (Tex. App.—Houston [14th Dist.] Aug. 25, 2011, pet. denied) (mem. op.); *Douglas v. Geico Ins.*, No. 01-10-01006-CV, 2011 WL 2791131 (Tex. App.—Houston [1st Dist.] July 14, 2011, no pet.) (per curiam) (mem. op.); *Douglas v. Williams*, No. 01-09-00777-CV, 2011 WL 2499886 (Tex. App.—Houston [1st Dist.] June 23, 2011, pet. denied) (mem. op.); *In re Douglas*, No. 14-11-00279-CV, 2011 WL 1312559 (Tex. App.—Houston [14th Dist.] Apr. 7, 2011, orig. proceeding) (per curiam) (mem. op.); *In re Douglas*, No. 14-11-00145-CV, 2011 WL 825741 (Tex. App.—Houston [14th Dist.] Mar. 10, 2011, orig. proceeding) (per curiam) (mem. op.); *In re Douglas*, No. 14-11-00060-CV, 2011 WL 334504 (Tex. App.—Houston [14th Dist.] Feb. 1, 2011, orig. proceeding) (per curiam) (mem. op.); *In re Douglas*, No. 14-10-00820-CV, 2010 WL 3504760 (Tex. App.—Houston [14th Dist.] Sept. 9, 2010, orig. proceeding) (per curiam) (mem. op.); *In re Douglas*, No. 01-10-00301-CV, 2010 WL 1839847 (Tex. App.—Houston [1st Dist.] May 6, 2010, orig. proceeding) (per curiam) (mem. op.); *In re Douglas*, No. 01-10-00184-CV, 2010 WL 987225 (Tex. App.—Houston [1st Dist.] Mar. 12, 2010, orig. proceeding) (per curiam) (mem. op.); *In re Douglas*, No. 01-10-00183-CV, 2010 WL 1006543 (Tex. App.—Houston [1st Dist.] Mar. 12, 2010, orig. proceeding) (per curiam) (mem. op.); *Douglas v. Am. Title Co.*, No. 01-07-00358-CV, 2009 WL 3930994 (Tex. App.—Houston [1st Dist.] Nov. 19, 2009, no pet.) (per curiam) (mem. op.); *Douglas v. Am. Title Co.*, No. 14-08-00676-CV, 2009 WL 3851674 (Tex. App.—Houston [14th Dist.] Nov. 19, 2009, no pet.) (per curiam) (mem. op.); *In re Douglas*, No. 01-09-00503-CV, 2009 WL 1813246 (Tex. App.—Houston [1st Dist.] June 25, 2009, orig. proceeding) (per curiam) (mem. op.); *In re Douglas*, No. 01-09-00534-CV, 2009 WL 1886661 (Tex. App.—Houston [1st Dist.] June 25, 2009, orig. proceeding) (per curiam) (mem. op.); *In re Douglas*, No. 14-09-00388-CV, 2009 WL 1150088 (Tex. App.—Houston [14th Dist.] Apr. 30, 2009, orig. proceeding) (per curiam) (mem. op.); *Douglas v. Adamo*, No. 14-07-00406-CV, 2009 WL 783346 (Tex. App.—Houston [14th Dist.] Mar. 26, 2009, pet. denied) (per curiam) (mem. op.); *Douglas v. Douglas*, No. 14-08-00277-CV, 2009 WL 783332 (Tex. App.—Houston [14th Dist.] Mar. 26, 2009, pet. denied) (per curiam) (mem. op.); *Douglas v. Booker*, No. 01-06-01069-CV, 2008 WL 5263240 (Tex. App.—Houston [1st Dist.] Dec. 18, 2008, no pet.) (mem. op.); *Douglas v. Douglas*, No. 01-06-00925-CV, 2008 WL 5102270 (Tex. App.—Houston [1st Dist.] Dec. 4, 2008, pet. denied) (mem. op.); *In re Douglas*, No. 14-07-00418-CV, 2007 WL 1625329 (Tex. App.—Houston [14th Dist.] June 7, 2007, orig. proceeding) (per curiam) (mem. op.); *In re Douglas*, No. 14-07-00345-CV, 2007 WL 1412104 (Tex. App.—Houston [14th Dist.] May 15, 2007, orig. proceeding) (per curiam) (mem. op.); *In re Douglas*, No. 01-07-00034-CV, 2007 WL 1300070 (Tex. App.—Houston [1st Dist.] May 3, 2007, orig. proceeding) (per curiam)

(mem. op.); *Douglas v. Ingersoll*, No. 14-07-00041-CV, 2007 WL 763803 (Tex. App.—Houston [14th Dist.] Mar. 15, 2007, pet. denied) (per curiam) (mem. op.); *Douglas v. Wash. Mut. Bank*, No. 14-05-00282-CV, 2006 WL 28262115 (Tex. App.—Houston [14th Dist.] Oct. 10, 2006, pet. denied) (mem. op.); *Douglas v. Ingersoll*, No. 14-05-00666-CV, 2006 WL 2345968 (Tex. App.—Houston [14th Dist.] Aug. 15, 2006, pet. denied) (mem. op.); *In re Douglas*, No. 01-06-00027-CV, 2006 WL 2076328 (Tex. App.—Houston [1st Dist.] July 13, 2006, orig. proceeding) (per curiam) (mem. op.); *In re Douglas*, No. 14-06-00541-CV, 2006 WL 1912745 (Tex. App.—Houston [14th Dist.] July 13, 2006, orig. proceeding) (per curiam) (mem. op.); *In re Douglas*, No. 01-06-00278-CR, 2006 WL 1275294 (Tex. App.—Houston [1st Dist.] May 11, 2006, orig. proceeding) (per curiam) (mem. op.); *Douglas v. Anson Fin., Inc.*, No. 2-05-283-CV, 2006 WL 820402 (Tex. App.—Fort Worth Mar. 30, 2006, pet. denied) (per curiam) (mem. op.); *In re Douglas*, No. 14-06-00051-CV, 2006 WL 300531 (Tex. App.—Houston [14th Dist.] Feb. 9, 2006, orig. proceeding) (per curiam ) (mem. op.); *Douglas v. James*, No. 06-05-00088-CV, 2006 WL 66686 (Tex. App.—Texarkana Jan. 13, 2006, pet. denied) (mem. op.); *Douglas v. Unity Nat'l Bank*, No. 14-05-00112-CV, 2005 WL 728246 (Tex. App.—Houston [14th Dist.] Mar. 31, 2005, pet. dism'd w.o.j.) (per curiam) (mem. op.); *Douglas v. Am. Title Co.*, No. 01-04-00265-CV, 2005 WL 568290 (Tex. App.—Houston [1st Dist.] Mar. 10, 2005, pet. denied) (mem. op.): *Douglas v. Bank of Am.*, No. 05-04-01202-CV (Tex. App.—Dallas Feb. 14, 2005, no pet.) (per curiam) (mem. op.); *Douglas v. Alamo Title Co.*, No. 14-04-01107-CV, 2005 WL 171477 (Tex. App.—Houston [14th Dist.] Jan. 27, 2005, pet. denied) (per curiam) (mem. op.); *Douglas v. Willis*, No. 14-04-01101-CV, 2005 WL 171458 (Tex. App.—Houston [14th Dist.] Jan. 27, 2005, pet. denied) (per curiam) (mem. op.); *Douglas v. Jones*, No. 14-04-01102-CV, 2005 WL 66899 (Tex. App.—Houston [14th Dist.] Jan. 13, 2005, pet. denied) (per curiam) (mem. op.); *Douglas v. Cross*, No. 12-03-00053-CV, 2004 WL 2694738 (Tex. App.—Tyler Nov. 24, 2004, pet. denied) (mem. op.); *Douglas v. Alamo Title Ins. Co.*, No. 14-04-00919-CV, 2004 WL 3202879 (Tex. App.—Houston [14th Dist.] Nov. 24, 2004, no pet.) (per curiam) (mem. op.); *Douglas v. Am. Title Co.*, No. 08-04-00222-CV, 2004 WL 2407394 (Tex. App.—El Paso Oct. 21, 2004, no pet.) (mem. op.); *Douglas v. Am. Title Co.*, No. 01-04-00669-CV, 2004 WL 2110558 (Tex. App.—Houston [1st Dist.] Sept. 23, 2004, no pet.) (per curiam) (mem. op.); *Douglas v. Quaker Home Fin. Servs.*, No. 14-04-00362-CV, 2004 WL 1688281 (Tex. App.—Houston [14th Dist.] July 29, 2004, no pet.) (per curiam) (mem. op.); *In re Douglas*, No. 2-04-182-CV, 2004 WL 1471961 (Tex. App.—Fort Worth June 28, 2004, orig. proceeding) (per curiam) (mem. op.); *Douglas v. Mickens*, No. 12-03-00194-CV, 2004 WL 1192470 (Tex. App.—Tyler May 28, 2004, no pet.) (mem. op.); *Douglas v. King*, No. 14-04-00103-CV, 2004 WL 908934 (Tex. App.—Houston [14th Dist.] Apr. 29, 2004, pet. denied) (per curiam) (mem. op.); *Douglas v. Porter*, No. 13-03-632-CV, 2004 WL 352700 (Tex. App.—Corpus Christi Feb. 26, 2004, no pet.) (per curiam) (mem. op.); *Douglas v. Willis*, No. 01-03-01148-CV, 2004 WL 305974 (Tex. App.—Houston [1st Dist.] Feb. 17, 2004, no pet.) (per curiam) (mem. op.); *Douglas v. Ingersoll*, No. 01-03-00996-CV, 2004 WL 224592 (Tex. App.—Houston [1st Dist.] Feb. 3, 2004, no pet.) (per curiam) (mem. op.); *Douglas v. Booker*, 14-03-01336-CV, 2004 WL 100409 (Tex. App.—Houston [14th Dist.] Jan. 22, 2004, pet. denied) (per curiam) (mem. op.); *Douglas v. Adamo*, No. 14-03-01192-CV, 2003 WL 22996954 (Tex. App.—Houston [14th Dist.] Dec. 23, 2003, no pet.) (per curiam) (mem. op.); *Douglas v. Porter*, No. 14-03-00132-CV, 2003 WL 21193041 (Tex. App.—Houston [14th Dist.] May 22, 2003, no pet.) (per curiam) (mem. op.); *In re Douglas*, Nos. 01-03-00442-CV & 01-03-00243-CV, 2003 WL 21026783 (Tex. App.—Houston [1st Dist.] May 8, 2003, orig. proceeding) (per curiam) (mem. op.); *Douglas v. Adamo*, No. 14-02-01156-CV, 2003 WL 1088163 (Tex. App.—Houston [14th Dist.] Mar. 13, 2003, no pet.) (per curiam) (mem. op.); *In re Douglas*, No. 01-02-01143-CV, 2002 WL 31839230 (Tex. App.—Houston [1st Dist.] Dec. 19, 2002, orig. proceeding) (per curiam) (not designated for publication); *In re Douglas*, No. 01-02-01144-CV, 2002 WL 31839233 (Tex. App.—Houston [1st Dist.] Dec. 19, 2002, orig. proceeding) (per curiam) (not designated for publication); *Douglas v. Porter*, No. 01-01-00747-CV, 2002 WL 31682357 (Tex. App.—Houston [1st Dist.] Nov. 27, 2002, pet. denied) (not designated for publication); *In re Douglas*, 01-02-00960-CV, 2002 WL 31684679 (Tex. App.—Houston [1st Dist.] Nov. 27, 2002, orig. proceeding) (per curiam) (not designated for publication); *In re Douglas*, No. 01-02-00778-CV,

The reasons supporting the previous declarations still hold true today. In the seven years preceding the trial court's notice in this case, Douglas had commenced, prosecuted, or maintained at least five lawsuits *in propria persona* that were finally determined adversely to him. *See Spiller v. Spiller*, 21 S.W.3d 451, 454 (Tex. App.—San Antonio 2000, no pet.) (clarifying that "*in propria persona* is synonymous with *pro se*"); *see also Douglas*, 333 S.W.3d at 289 (finding evidence sufficient under Section 11.0541(1) where trial court acted *sua sponte*, even though seven-year period was not triggered by a defendant's motion, as contemplated by statute). The record also supports a finding that Douglas has repeatedly relitigated the same cause of action against other defendants in cases that have finally been determined.

The evidence was sufficient to support to a finding required under Section 11.054. We therefore conclude that the trial court did not abuse its discretion by declaring Douglas a vexatious litigant.

## CONCLUSION

The judgment of the trial court is affirmed.

/s/        Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

---

2002 WL 1822342 (Tex. App.—Houston [1st Dist.] Aug. 8, 2002, orig. proceeding) (per curiam) (not designated for publication); *In re Douglas*, No. 01-02-00779-CV, 2002 WL 1765119 (Tex. App.—Houston [1st Dist.] Aug. 1, 2002, orig. proceeding) (per curiam) (not designated for publication).