**Dismissed and Memorandum Opinion filed May 16, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00268-CV
### NO. 14-12-00269-CV

## MICHAEL SCOTT, Appellant

## V.

## WILLIAM MORGAN and FURGAN ALI, Appellees

### On Appeal from the 434th Judicial District Court
### Fort Bend County, Texas
### Trial Court Cause Nos. 08-DCV-163306 & 08-DCV-163223

## M E M O R A N D U M   O P I N I O N

Appellant, a *pro se* inmate incarcerated in the Institutional Division of the Texas Department of Criminal Justice, filed suit against two prison system employees, in their personal capacities, in 2008. The trial court signed orders dismissing the suits for want of prosecution on December 21, 2011. Appellant filed motions to reinstate on January 17, 2012, which were denied. Appellant then filed a timely notice of appeal in each case on March 19, 2012.

Chapter 14 of the Civil Practice and Remedies Code applies to inmate litigation, other than actions under the Texas Family Code, in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. *See* Tex. Civ. Prac. & Rem. Code §§ 14.001-.014. Appellant filed an unsworn declaration of inability to pay court costs in each case; accordingly, Chapter 14 applies to these suits. As required by Chapter 14, appellant included a description of his previous lawsuits covering nearly 100 suits filed in courts across the state. *See* Tex. Civ. Prac. & Rem. Code § 14.004.

After review of the records maintained by the Office of Court Administration, this court discovered that by order signed April 30, 2007, the 251st District Court in Potter County determined appellant to be a vexatious litigant and enjoined him from filing new litigation *in propria persona* in the State of Texas without the prior permission of the local administrative judge. *See* Vexatious Litigants, Office of Court Administration of the Texas Judicial System, http://www.txcourts.gov/oca/vexatiouslitigants.asp (last visited April 25, 2013); *see also* Tex. Civ. Prac. & Rem. Code §§ 11.051-.104. Our record contains no indication that appellant obtained permission. Accordingly, these suits were subject to dismissal on this basis as well. *See* Tex. Civ. Prac. & Rem. Code § 11.103; *see also Scott v. Mireles,* 294 S.W.3d 306, 308 (Tex. App.—Corpus Christi 2009, no pet.) (affirming dismissal of appellant's suit for failure to comply with vexatious litigant statute).

Section 11.103 of the Civil Practice and Remedies Code was amended effective January 1, 2012, to apply to the filing of an appeal. *See* Tex. Civ. Prac. & Rem. Code § 11.103(a). Accordingly, on April 26, 2013, this court notified appellant that these appeals were subject to dismissal unless he provided proof within ten days that he had obtained an order from the local administrative judge

permitting the filing of these appeals. *See* Tex. Civ. Prac. & Rem. Code § 11.103(a); *see also McCray v. Prudential Ins.,* No. 14-12-00860-CV, 2012 WL 5586804 (Tex. App.—Houston [14th Dist.] Nov. 15, 2012, no pet.) (mem. op.); *Potts v. Tex. Dept. Fam. & Prot. Servs.,* No. 14-12-00648-CV, 2012 WL 5497938 (Tex. App.—Houston [14th Dist.] Nov. 13, 2012, no pet.) (mem. op.).

Appellant has not provided proof that he obtained a pre-filing order from the local administrative judge granting permission to file these appeals, and he has not filed any other response to this court's notice. Accordingly, we order these appeals dismissed.


PER CURIAM


Panel consists of Justices Boyce, Jamison, and Busby.