

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00176-CV

**ROBERT WALTER BONNER,**

                                                                        **Appellant**

 **v.**

**H&K USP COMPACT, 45 CALIBER SEMI
AUTOMATIC PISTOL #29-005335 WITH
TWO MAGAZINES LOADED WITH
16 ROUNDS OF AMMUNITION, AND
CONTAINED IN A DAY PLANNER
STYLE CARRYING CASE,**

                                                                        **Appellees**

---

**From the 413th District Court
Johnson County, Texas
Trial Court No. C201200086**

---

## MEMORANDUM  OPINION

---

On June 13, 2014, appellant, Robert Bonner, filed a notice of appeal stating that

he wishes to appeal the trial court's September 10, 2012 determination that he is a

vexatious litigant.  A review of the records maintained by the Office of Court

Administration confirms that appellant has been declared a vexatious litigant and that

he is enjoined from filing new litigation *in propia persona* in the State of Texas without permission of the local administrative judge. *See* Vexatious Litigants, Office of Court Administration of Texas Judicial System, http://www.txcourts.gov/oca/vexatiouslitigants.asp (last visited July 8, 2014); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.051-.104 (West 2002 & Supp. 2013). Our record contains no indication that appellant obtained permission to file this appeal.

Section 11.103 of the Texas Civil Practice and Remedies Code was amended effective January 1, 2012, to apply to the filing of an appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a)[1]; *see also Scott v. Morgan*, Nos. 14-12-00268-CV & 14-12-00269-CV, 2013 Tex. App. LEXIS 6050, at *2 (Tex. App.—Houston [14th Dist.] May 16, 2013, no pet.) (mem. op.) (per curiam). On June 25, 2014, this Court notified appellant that this appeal was subject to dismissal because the notice of appeal appeared to be untimely, and because the appeal did not comply with Chapters 11 and 14 of the Texas Civil Practice and Remedies Code. *See* TEX. R. APP. P. 26.1 (stating that a notice of appeal must be filed within 30 days after the judgment is signed); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.102-.103, 14.001-.014 (West 2002 & Supp. 2013). In response, appellant argued that he tried to file his notice of appeal on or about September 19,

---

[1] Specifically, section 11.103 of the Texas Civil Practice and Remedies Code provides that:

Except as provided by Subsection (d), a clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a pre[-]filing order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing.

TEX. CIV. PRAC. & REM. CODE ANN. § 11.103 (West Supp. 2013).

2012, but the county clerk refused to file his notice of appeal because he has been determined to be a vexatious litigant. In any event, appellant asserts that he should still be allowed to appeal the trial court's determination that he is a vexatious litigant and that a failure to consider this appeal violates his due-process rights.

Because appellant has not provided proof that he obtained a pre-filing order from the local administrative judge granting permission to file this appeal, we dismiss appellant's appeal in this matter.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103; *Scott v. Mireles*, 294 S.W.3d 306, 308 (Tex. App.—Corpus Christi 2009, no pet.) (affirming the dismissal of appellant's suit for failure to comply with the vexatious-litigant statute); *see also Scott*, 2013 Tex. App. LEXIS 6050, at **2-3.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
(Chief Justice Gray concurring with a note)*
Appeal dismissed
Opinion delivered and filed July 31, 2014
[CV06]

*(Chief Justice Gray concurs in the judgment. A separate opinion will not issue. He notes, however, that his concurrence in the judgment is based upon the substance of

---

[2] Moreover, given that appellant did not file his appeal until June 13, 2014—almost two years after the trial court declared appellant to be a vexatious litigant, we conclude that appellant's appeal is also untimely. *See* TEX. R. APP. P. 26.1. Nevertheless, in his response to this Court's June 25, 2014 letter, appellant contends that he tried to file his notice of appeal on or about September 19, 2012. In support of this contention, appellant attaches an affidavit executed by Sharon Bonner. However, appellant does not adequately explain why he waited almost two years from September 19, 2012, to complain about the district clerk's failure to file his notice of appeal.

footnote 2 in the opinion regarding the delay in taking action on the trial court clerk's refusal to file his notice of appeal.)